June, 1840.

Crosby
v.
The Lumberman's Bank and others.

---

## CROSBY vs. THE LUMBERMAN'S BANK and others.

An attachment against a foreign corporation authorises a sheriff to attach the choses in action of such foreign incorporation, but not to sell the same under an execution issued upon a judgment rendered upon such attachment.

Before the act of May 14, 1840, if an execution issued upon a judgment upon such attachment, was returned unsatisfied, a creditor's bill was the proper remedy to reach the choses in action so attached by the sheriff.

But since the act of May 14, 1840, the sheriff having the power to dispose of such choses in action, an injunction will not be allowed upon a creditor's bill against such corporation, filed since the act was operative, unless it first appears that the choses in action attached by the sheriff, are disposed of.

### APPLICATION FOR AN INJUNCTION.

*Samuel A. Brown,* for complainants.

THE VICE CHANCELLOR. This is a creditor's bill filed to obtain satisfaction of a judgment against a foreign corporation. The bill sets forth that proceedings by attachment were instituted against the Lumberman's Bank; and that upon such attachment, certain notes and choses in action of the defendants within this state, were attached by the sheriff. Judgment was obtained, and execution issued and returned unsatisfied; and now this bill is presented in the common form of a creditor's bill, with a prayer for the usual injunction upon a creditor's bill.

The Revised Statutes (Vol. 2, page 460, old ed.) <span>June, 1840.</span>
provide for proceedings against foreign corporations.
The 21st section directs the sheriff to whom the at-
tachment shall be issued, to proceed in all respects
in the manner prescribed by law in case of attach-
ments against absent debtors.   By referring to that
law (2 Rev. Stat. page 4), we find that the sheriff
is to levy upon or attach, and take into his custody,
all the real and personal estate, books of account,
vouchers, and papers relating to the property, debts,
credits, and effects of the debtor, &c.   In attach-
ments against foreign corporations, the sheriff is of
course to do the same thing.   In this case he has
done it, and, as appears by the bill, has attached cer-
tain evidences of debt upon the attachment, which
was the original commencement of the proceedings.
There is this difference, however, between the law
in relation to absent debtors, and the law in relation
to foreign corporations.   In the former case trustees
are to be appointed, and they have the power to col-
lect the choses in action.   In the latter case there is
no such provision, but the sheriff is directed, in case
execution is awarded upon the attachment, to sell
so much of the property of such corporation remaining
in his hands, as may be necessary to satisfy the same.
(Sec. 24, 2 R. S. p. 460.)   Now there is no direc-
tion here that such execution shall reach choses in
action, which the sheriff may have attached.   With-
out such direction, the sheriff cannot sell or assign
them.   As to them, consequently, though attached,
the execution is inoperative.   The plaintiff in such
suit had, therefore, no mode to reach such assets,
without filing a bill in this court, inasmuch as the
statute did not provide for the disposing of choses in

Crosby
v.
The Lum-
berman's
Bank and
others.

June, 1840.

Crosby
v.
The Lum-
berman's
Bank and
others.
action in the case of foreign corporations, or for their collection.

This defect is remedied by act of May 14, 1840, Laws of 1840, p. 296, which confers power upon the sheriff, under the direction of the officer issuing such attachment, to collect, receive, and take into his possession, all debts, and to commence suits thereon, &c. This statute, it seems to me, is sufficient for the complainant in this case. By virtue of the original attachment, the sheriff has attached certain notes or other evidences of debt. He did this rightfully and lawfully. They are to be presumed now to be in his possession and under his control. The statute of 1840 authorises him to collect them. The bill does not aver that they have been collected, or paid, or in any other manner disposed of. The bill does not, therefore, show that the complainant has exhaused his remedy at law; for it does not show what has become of these notes thus attached. He must pursue his remedy upon these notes, before he can have an injunction from this court. If, after all the notes attached by the sheriff, are prosecuted and collected, and there is a deficiency, then possibly he may be entitled to an injunction.

But now, in the present state of the case, the motion for an injunction is denied.